UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN TEJEDA-PUENTES, | No. CIV. S-14-558 LKK/DAD |
| Plaintiff, | |
| v. | **ORDER** |
| THE COUNTY OF SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Pending before the court in the above-captioned matter is plaintiff's application to proceed in forma pauperis ("IFP"). See 28 U.S.C. § 1915(a)(1).  The statute permits this court to "authorize the commencement … of any suit … without prepayment of fees" if the applicant shows that she is "unable to pay such fees or give security therefor."

The court is currently unable to determine if the applicant meets the requirements of the statute, because of its uncertainty of how to interpret the application.  The application discloses that the applicant and her husband filed for bankruptcy, but the application does not list her assets that were listed as

1

1  community property in the bankruptcy petition – of which this
2  court takes judicial notice –  including several cars,
3  motorcycles, boats and trailers.
4       In addition, the application discloses that plaintiff has a
5  husband who pays the mortgage, but it does not disclose any of
6  his income, nor indicate that his income is not available to her.
7  The bankruptcy petition indicates that plaintiff and her husband
8  have an average gross monthly income of $7,099.16 (over $85,000
9  per year), and an average net monthly income of $3,455 (over
10 $41,000 per year).
11      It appears that the income and resources of a spouse – if
12 they are available to the applicant – are generally considered in
13 determining indigence under 28 U.S.C. § 1915.  See, e.g.,
14 Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y.
15 2002); Pisano v. Astrue, 2012 WL 79188 (D. Mass. 2012) (Neiman,
16 M.J.) (collecting cases).  From the application, the court cannot
17 determine if the applicant believes that her husband's
18 information need not be included (for example, his income and
19 expenses net to zero), or if she was under the impression that
20 his income and assets were not pertinent to her application.
21      Accordingly,
22      1.   Plaintiff's application for IFP status is DENIED
23 without prejudice;
24      2.   Within 30 days from the date of this order, plaintiff
25 shall either (a) pay the applicable fees for proceeding in this
26 court, or (b) file an amended application setting forth the
27 income and resources that are available to her, including, if
28 appropriate, the income and resources of her husband.

1        IT IS SO ORDERED.

2        DATED:  March 31, 2014.

         _____
         LAWRENCE K. KARLTON
         SENIOR JUDGE
         UNITED STATES DISTRICT COURT